TIMOTHY R. FISCHER, WSBA No. 40075
Murphy, Bantz & Bury, P.S.
818 W. Riverside Avenue, Suite 631
Spokane, WA 99201
(509) 838-4458
Attorneys for Debtor in possession

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

HOWSER, MARTIN,

Debtor.

No. 09-02439-PCW7

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES**

THIS MATTER having come before the Court for hearing on Murphy, Bantz & Bury's Application for Award of Compensation for Services, and Martin Howser appearing by Timothy Fischer, and the U.S. Trustee's Office appearing by Gary Dyer, and Gladstone Capital Corporation appearing by Jody McCormick, and the Court having heard the remarks of all counsel, and having considered:

a. Application to Approve Employment for the Debtor (Doc. 6)
b. Objection to Employment (Doc. 19)
c. Order Granting Application to Approve Employment (Doc. 20)
d. Motion for Reconsideration of Order (Doc. 24)
e. Objection to Motion for Reconsideration of Order (Doc. 31)
f. Declaration of Timothy Fischer (Doc. 32)
g. Order Granting Motion to Reconsider (Doc. 41)
h. Application for Award of Compensation for Services (Doc. 72)
i. Narrative (Doc. 73)
j. Objection to Compensation (Doc. 81)

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING
APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES - 1

Murphy, Bantz & Bury, P.S.
818 W. Riverside Ave., #631
Spokane, WA 99201
(509) 838-4458

k. Objection to Compensation (Doc. 83)

l. Memorandum Re: Application for Award of Compensation for Services (Doc. 90)

**The Court makes the following Findings of Fact:**

a. Murphy, Bantz & Bury, P.S. (the "Firm"), gave proper twenty three (23) notice of time to object to the Application for Employment of Firm as attorneys for Debtor.

b. The U.S. Trustee filed a late objection to the Application for Employment.

c. The court granted an order approving the Firm's employment as attorneys for the Debtor.

d. The Firm's relationship with the various LLC's and businesses of the debtor and the non-debtor spouse were fully disclosed in the Application for Employment in section 8.

e. Section 8 did not specifically mention that the firm would continue to represent the non-debtor spouse.

f. The non-debtor spouse was co-obligated on the debt to Gladstone Capital Corporation, along with the debtor and their marital community. Gladstone represents approximately 95% of the unsecured debt of the marital community. Judgment in the state court was entered against the non-debtor spouse.

g. The Estate was comprised of the separate property of the debtor and the marital community's property.

h. The non-debtor spouse waived any right of contribution from the bankruptcy estate or the debtor spouse as to the obligation due to Gladstone.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING
APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES - 2

Murphy, Bantz & Bury, P.S.
818 W. Riverside Ave., #631
Spokane, WA 99201
(509) 838-4458

i. The non-debtor spouse intended to help fund the Debtor's Chapter 11 Plan.
j. Section H of the Firm's Application for Employment refers to an attached waiver of conflict by the non-debtor spouse, and by the LLC, of which the non-debtor spouse is the managing member.
k. While the non-debtor spouse is not specifically mentioned in section H, the attached waiver discloses her status as an insider, and the firm's pre-petition representation of her in State Court in a suit by Gladstone against the Debtor, the non-debtor spouse, and their marital community.
l. The Firm relied upon the court's entry of an order approving employment.
m. The fact that the U.S. Trustee filed a late objection to the Application for Employment resulted in delaying the decision as to whether employment was proper, which meant that the Firm had to incur more unpaid fees.
n. Even after the U.S. Trustee's Motion to Vacate was filed, the Firm had a duty to continue its representation of the estate.
o. There is no question as to the quality of services provided by the Firm, and there is no question that the services did in fact benefit the estate.

**From the foregoing Findings of Fact, the Court makes the following Conclusions of Law:**

a. 11 U.S.C. § 328(c) applies to conflicts that arise both pre and post-petition.
b. At the hearing on the U.S. Trustee's Motion for Reconsideration of Employment of the Firm, held July 16, 2009, wherein the Court decided to vacate its order approving the Firm's employment, the court found although time that the Firm was not disinterested.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING
APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES - 3

Murphy, Bantz & Bury, P.S.
818 W. Riverside Ave., #631
Spokane, WA 99201
(509) 838-4458

09-02439-PCW7    Doc 134    Filed 12/08/09    Entered 12/08/09 13:40:46    Pg 3 of 5

c. There was an actual conflict of interest represented by the law firm.

d. There was a potential conflict of interest represented by the law firm.

e. The Firm acted in good faith in filing its Application for Employment, and in working for the estate.

f. At no time did the Firm cause harm or diminution of value to the Estate.

g. The estate did not suffer any actual injury or prejudice during the time that the Firm was employed for the estate.

h. 11 U.S.C. § 328(c) provides that the bankruptcy court has wide discretion in whether compensation should be denied in part, denied in entirety, or allowed in entirety. The general consensus among the courts to have examined this provision is that it is to be determined broadly.

i. The debtor and the non-debtor spouse are co-obligors on the debt due to Gladstone; each obligor is jointly and severally liable on the debt to Gladstone; no obligor has a right of contribution from any other obligor.

j. Related to section 328(c) analysis, although it wasn't clear in the application that post-petition representation of the non-debtor spouse by the firm was continuing, the court concludes that there was adequate disclosure of all conflicts of interest and insiders in the Firm's Application for Employment, including the continuing representation of the non-debtor spouse.

k. The Firm did not intentionally fail to disclose any connections on its Application for Employment.

l. The representation of a non-debtor spouse by a firm does not always create an interest adverse to the estate, nor does it always result in disinterestedness. The specific facts of the case will determine whether the representation of the non-debtor spouse creates a conflict.

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES - 4

Murphy, Bantz & Bury, P.S.
818 W. Riverside Ave., #631
Spokane, WA 99201
(509) 838-4458

m. Gladstone plays a large role in this case, and its large role implicates the specific facts of whether a conflict exists. Gladstone actively litigated in the state court action, obtaining an award of judgment against the non-debtor spouse in the amount of $1,130,334.66, including interest, on April 30, 2009. Gladstone continued to pursue attachment, garnishment, etc. against the non-debtor spouse and her LLC, Charis S. Howser Asset Management, LLC.

n. There was a representation of an interest adverse to the estate by the Firm, both pre-petition and post-petition, and during the time period for which fees were requested in this matter.

o. If there is representation of any adverse interest while an attorney is employed on behalf of an estate, then that attorney shall not be paid.

p. The court concludes, based on the specific facts of this case, that the requested fees should not be allowed.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Firm's Application for Compensation for Services is denied, and that fees should not be allowed.

Presented by:
MURPHY, BANTZ & BURY, P.S.
/s/ TIMOTHY R. FISCHER

Timothy R. Fischer, WSBA No. 40075
Attorney for Debtor

*/s/ Patricia C. Williams*
Patricia C. Williams
Bankruptcy Judge

12/08/2009 11:11:03

FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING
APPLICATION FOR AWARD OF COMPENSATION FOR SERVICES - 5

Murphy, Bantz & Bury, P.S.
818 W. Riverside Ave., #631
Spokane, WA 99201
(509) 838-4458

09-02439-PCW7    Doc 134    Filed 12/08/09    Entered 12/08/09 13:40:46    Pg 5 of 5